UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEVADA et al., <br><br> Defendants. | Case No. 2:18-cv-02049-GMN-CWH <br><br> ORDER |

**I.  DISCUSSION**

Plaintiff, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), is being housed at a private prison in Arizona. Plaintiff, *pro se*, has submitted a document entitled "tort *Bivens* action," an application to proceed *in forma pauperis*[1], and a motion for return of original envelopes. (ECF Nos. 1-1, 7). However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as malicious or for failure to state a claim upon which any relief may be granted.[2]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his "tort *Bivens* action," Plaintiff sues various Nevada Department of Corrections ("NDOC") employees and deputy attorney generals for various actions that took place

---

[1] Plaintiff's application to proceed *in forma pauperis* is located at ECF No. 1-1 at 32-34.

[2] *See Tagle v. State of Nevada et al*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada et al*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim); and *Tagle v. State of Nevada et al*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The Ninth Circuit Court of Appeals has affirmed Plaintiff's three-strikes status. *See Tagle v. Core Civic America et al.*, 2:18-cv-00544-JAD-NJK at ECF No. 31. The Court takes judicial notice of its prior records in the above matters.

1

while Plaintiff was incarcerated in Nevada. (*See generally* ECF No. 1-1). However, after reviewing these allegations, the Court finds that the allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

The Court also denies Plaintiff's motion for the Clerk's Office to return the original envelopes that he mailed his pleadings in back to him. (ECF No. 7).

## II.  CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1 at 32-34) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days from the date of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court shall retain the "tort *Bivens* action" (ECF No. 1-1) but shall not file the document until the matter of the filing fee is resolved.

It is further ordered that the motion for return of original envelopes (ECF No. 7) is denied.

DATED THIS __21__ day of December 2018.

Gloria M. Navarro, Chief Judge
United States District Court

2